NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
PETER S. LEVITT
Assistant United States Attorney
VALERIE G. PREISS
PATRICK BURNS
Trial Attorneys
U.S. Department of Justice, Tax Division
c/o Office of the United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6418
Valerie.G.Preiss@usdoj.gov (202) 598-3273 cell
J.Patrick.Burns@usdoj.gov (202) 598-5935 cell
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 2:20-CR-00129-JAD-EJY** |
| Plaintiff, | |
| vs. | **STIPULATION FOR A PROTECTIVE ORDER** |
| **TIMOTHY WILSON,** | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the government during discovery that contain the confidential taxpayer information or personal identifying information of individuals referenced in the discovery. The parties state as follows:

1. The indictment in this case issued on June 17, 2020.

2. Trial is currently scheduled for August 25, 2020. Mr. Chris T. Rasmussen, Esq. is

retained counsel for the defendant.

3. The indictment alleges the defendant willfully failed to pay over employment taxes arising out of his dental practice and that he also willfully failed to pay his own income taxes and to file individual income tax returns. The discovery therefore contains extensive amounts of taxpayer information, including tax returns and information otherwise deemed confidential under 26 U.S.C. § 6103. The discovery also contains the personal identifying information, such as names, social security numbers, and birthdates of numerous individuals. The release of such information to the public or third parties not involved in the case could endanger the privacy of the defendant and individuals mentioned in the discovery and also subject them to potential misuse of their identities. This confidential taxpayer and personal identifying information is referred to here as the "Protected Information."

4. In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

5. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

    b. allow any other person to read, listen, or otherwise review the Protected Information in this case;

    c. use the Protected Information for any purpose other than preparing to defend

against or prosecute the charges in the Indictment or any further superseding indictment arising out of this case; or

  d. attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

6. The Protected Information shall be segregated from discovery not containing taxpayer or personal identifying information, and defendant shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defense counsel will ensure that any discovery item left with defendant is fully redacted of any Protected Information.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the government will move expeditiously for its dissolution.

/ / /

/ / /

/ / /

/ / /

/ / /

10. The defense hereby stipulates to this protective order.

DATED: July 7, 2020     Respectfully submitted,

For the United States:

NICHOLAS A. TRUTANICH
United States Attorney
PETER S. LEVITT
Assistant United States Attorney

/s/ Valerie G. Preiss
VALERIE G. PREISS
PATRICK BURNS
Trial Attorneys,
Department of Justice, Tax Division

For the Defense:

/s/ Chris T. Rasmussen
CHRIS T. RASMUSSEN, ESQ.
Attorney for Defendant Timothy Wilson
Rasmussen Law P.C.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563 /Fax: (702) 550-7031
ctr@rasmussenlaw.com

**IT IS SO ORDERED:**

_____     July 8, 2020
ELAYNA J. YOUCHAH                   _____
United States Magistrate Jude       Date