UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY WILSON,<br><br>Defendant. | Case No. 2:20-cr-00129-JAD-EJY<br><br>**ORDER** |

Before the Court is the Government's Motion to Disclose Limited Portions of a Presentence Investigation Report. (ECF No. 30). No response to this Motion was filed.

In its Motion, the Government states that it is in possession of the Presentence Investigation Report of an individual who was office manager for Defendant Timothy Wilson ("Defendant") during a period of time when Defendant is alleged to have engaged in criminal conduct underlying the charges filed against him. The Government further explains that this individual may be called by the Government in its case-in-chief against Defendant.

There is a strong presumption of confidentiality that attached to presentence investigative reports (sometimes "PSR"), which may be overcome only by a "compelling need for disclosure in order to meet the ends of justice." *United States v. Anzalone*, 886 F.2d 229, 233 (9th Cir. 1989). Although "a criminal defendant has no constitutional right to examine presentence reports," *United States v. Alvarez*, 358 F.3d 1194, 1207 (9th Cir. 2004), a criminal defendant does have a right "to disclosure of *Brady* material contained" in a PSR. *Id*. (citation omitted).[1] This means that "a defendant is entitled to material in a probation file that bears on the credibility of a significant witness in the case." *Id*. (citations and brackets omitted). Consistent with these rules the U.S. District Court for the District of Nevada Local Rule of Criminal Practice 32-2 provides for the confidentiality of PSRs as well as the disclosure of PSRs under limited circumstances.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 97 (1963), requires the Government to provide defendants with any evidence that is "favorable to an accused ... [that] is material either to guilt or punishment."

A violation of disclosure requirements incumbent on the Government established in *Brady* is a violation of a defendant's due process rights. *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006) (*citing Brady,* 373 U.S. 83). A prosecutor's duty to disclose *Brady* evidence does not depend on a request by the defense. *United States v. Bagley*, 473 U.S. 667, 683 (1985); *Thomas v. Goldsmith*, 979 F.2d 746, 749-50 (9th Cir. 1992). This is true even when the evidence is "obviously … of substantial value to the defense … ." *United States v. Agurs*, 427 U.S. 97, 110 (1976). *Brady*'s disclosure obligations extend to the credibility or reliability of witnesses when the same may "be determinative of guilt or innocence." *Bagley*, 473 U.S. at 677 *quoting Gilio v. United States*, 405 U.S. 150, 154 (1972). With these disclosure obligations in mind, the Ninth Circuit holds that judges have discretion to make an *in camera* inspection of a presentence report or they may rely on a probation officer to do so. *Alverez*, 358 F.3d at 1208 (citation omitted). The Court need not release evidence if it is "merely cumulative" of information already available to the defense. *Id*. (citation omitted).

Here, the Government asked the Court to review the PSR of an individual who is likely to be called as a witness in its case-in-chief to determine what information in that PSR is discoverable by Defendant. The Government submitted the PSR *in camera*, which the Court has thoroughly reviewed. This review leads the Court to find that paragraphs numbered 5, 10 through 24, 41 through 46, 48, 52 and 53, 58, 63, 64 through 66, 71, 73, 75, 77, 79, 87, 107, and 108 are properly disclosed to Defendant as bearing on the credibility of a significant potential witness for the Government in its case-in-chief.

Accordingly,

IT IS HEREBY ORDERED that paragraphs numbered 5, 10 through 24, 41 through 46, 48, 52 and 53, 58, 63, 64 through 66, 71, 73, 75, 77, 79, 87, 107, and 108 in the Presentence Investigation Report submitted for *in camera* review shall be disclosed to counsel for Defendant.

1    IT IS FURTHER ORDERED that the disclosure of this information shall be subject to the
2 Protective Order entered in this case at ECF No. 27.

4    Dated this 10th day of August, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3